rights as sole surviving heir, and never claimed under the deed until his attack on the will had been defeated.

All that the evidence establishes in favor of appellee, Earl Werbe, is that on June 4, 1948, Frederick Werbe entertained the intention that Earl should receive his estate after his death. Afterwards, for reasons unimportant here, he changed his mind as he had a right to do. Retaining control over the deed, his intention of June 4, 1948, was never carried out.

Since title to the property in dispute never vested in Earl Werbe, the judgment against Mrs. Jessie Holt for the rental value of the property during the litigation must also fall. And what has been said disposes of Earl Werbe's appeal from the same judgment on the ground that rent should have been allowed from the date of Frederick Werbe's death.

Reversed and remanded to the District Court with directions to dismiss the complaint.

McNeil, Markley & Sapiro, San Francisco, Cal., for appellant.

Samuel B. Stewart, Jr., G. D. Schilling and Robert T. Shinkle, San Francisco, Cal., for appellees.

Before MATHEWS, BONE and ORR, Circuit Judges.

PER CURIAM.

This appeal is from an order entered in a bankruptcy proceeding on October 11, 1951. The appeal was taken on January 11, 1952—long after the expiration of the 40-day period specified in § 25 of the Bankruptcy Act, 11 U.S.C.A. § 48—and is therefore dismissed.

## ROBERTS v. BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N et al.
### No. 13495.

United States Court of Appeals
Ninth Circuit.
Aug. 25, 1952.

## NATIONAL LABOR RELATIONS BOARD v. J. I. CASE CO., BETTENDORF WORKS.
### No. 14483.

United States Court of Appeals
Eighth Circuit.
Sept. 16, 1952.

